UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW WEAKLEY,<br>TDCJ No. 02292967, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL NO. SA-22-CA-01385-FB |
| BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* petitioner Matthew Weakley's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and respondent Bobby Lumpkin's Answer (ECF No. 7) thereto.  In the § 2254 petition, petitioner challenges the constitutionality of his 2019 state court conviction for robbery, arguing that he was denied the right to effective assistance of counsel and that he is innocent of the offense.

Having reviewed the record and pleadings submitted by both parties, the Court concludes petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* 28 U.S.C. § 2254(d).  Petitioner is also denied a certificate of appealability.

**I. Background**

In October 2019, a Bexar County jury convicted petitioner of one count of robbery as a habitual offender.  *State v. Weakley*, No. 2019CR4804 (399th Dist. Ct., Bexar Cnty., Tex. Oct. 29, 2019); (ECF No. 8-2 at 46-47).  Pursuant to an agreement between the parties wherein the defense stipulated to petitioner's prior convictions in exchange for the minimum sentence allowed under the law, the trial court sentenced petitioner to twenty-five years of imprisonment.

*Id*.  On direct appeal, the Texas Fourth Court of Appeals affirmed his conviction in an unpublished opinion dated June 10, 2020.  *Weakley v. State*, No. 04-19-00828-CR, 2020 WL 3065434 (Tex. App.—San Antonio, 2020, pet. ref'd); (ECF No. 8-8).  The Texas Court of Criminal Appeals then refused his petition for discretionary review.  *Weakley v. State*, No. 0598-20 (Tex. Crim. App. Oct. 7, 2020).[1]

Following his direct appeal proceedings, petitioner challenged the constitutionality of his conviction by filing an application for state habeas corpus relief on August 30, 2021.  *Ex parte Weakley*, No. 91,512-03 (Tex. Crim. App.); (ECF No. 8-24 at 4-22).  Based, in part, on the findings of the state habeas trial court, the Texas Court of Criminal Appeals denied the application without written order on April 13, 2022.  (ECF No. 8-21).  Six months later, petitioner filed a second application for state habeas corpus relief which the Texas Court of Criminal Appeals eventually dismissed as a subsequent application pursuant to Tex. Code Crim. Proc. Art. 11.07, Sec. 4.  *Ex parte Weakley*, No. 91,512-04 (Tex. Crim. App.); (ECF Nos. 8-26, 8-27 at 4-21).

Petitioner initiated the instant proceedings by filing a petition for federal habeas corpus relief on December 19, 2022.  (ECF No. 1 at 10).  Therein, petitioner raised the following two allegations: (1) his trial counsel rendered ineffective assistance by failing to challenge video evidence presented by the State and by failing to allow him to speak at trial, and (2) his constitutional rights have been violated because he "never committed a robbery and [is] not the suspect in the video."  *Id*. at 6.

---

[1] *See* http://www.search.txcourts.gov, search for "Weakley, Matthew" last visited May 20, 2024.

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA.  28 U.S.C.A. § 2254.  Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).  Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102.  Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold."  *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

As long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief.

*Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III.  Merits Analysis

**A.     Trial Counsel (Claim 1).**

Petitioner's first allegation asserts that his trial counsel, Robert Gebbia, rendered ineffective assistance during his October 2019 trial for robbery.  Specifically, petitioner claims counsel failed to challenge video identification of him presented by the State.  Petitioner also faults counsel for not giving him "the opportunity to speak at trial."  (ECF  No. 1 at 6).

Both of these allegations were raised and rejected during petitioner's state habeas proceedings.  As discussed below, petitioner fails to demonstrate that the state habeas court's rejection of these allegations was either contrary to, or an unreasonable application of, Supreme Court precedent.

####     1.     Petitioner's Claims are Conclusory

To start, the Court notes that petitioner has provided absolutely no briefing or argument in support of his allegations.  Instead, petitioner raises each allegation in a single, vague sentence which the Court could construe only after reviewing petitioner's state habeas proceedings.  Petitioner provides no explanation as to how counsel should have challenged the video evidence or prevented him from speaking, much less demonstrate how counsel's alleged errors affected the outcome of his trial.

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a petitioner is required to plead facts in support of his claims. Conclusory allegations do not state a claim for federal habeas corpus relief and are subject to summary dismissal. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (same).

Here, petitioner's allegations are conclusory, speculative, and unsupported by any evidence or facts. But "absent evidence in the record," this Court cannot "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross*, 694 F.2d at 1011). Thus, petitioner's claims could be denied as conclusory. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)).

2. The *Strickland* Standard

Nevertheless, the Court will review petitioner's Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 578 U.S. 113, 117 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

3.     Video Evidence

Petitioner first contends that counsel was ineffective for failing to challenge video evidence presented by the State. While unclear, it appears that petitioner believes counsel should have objected because he was actually not the person shown in the video.

Petitioner raised this allegation during his state habeas proceedings. In response, trial counsel submitted an affidavit wherein he explained his reasons for not objecting to the video:

> I did not object to the State referring to the suspect in the video as the defendant because in [sic] as a matter of strategy and in my professional opinion an objection was not necessary. Through my investigation I also found no evidence that the video evidence presented to the jury was limited/incorrect/or misidentified. I therefore did not object to that evidence on those grounds at trial.

(ECF No. 8-24 at 45). The state habeas trial court found trial counsel's affidavit to be truthful and credible and concluded that petitioner failed to establish counsel was ineffective under *Strickland*. *Id*. at 49-50. These findings and conclusions were then adopted by the Texas Court of Criminal Appeals when it denied petitioner's state habeas application. (ECF No. 8-21).

Petitioner fails to show that the state court's ruling was contrary to or involved an unreasonable application of *Strickland*. Trial counsel generally have broad discretion when it comes to deciding how best to proceed strategically, and such choices, made after a thorough investigation of the law and facts relevant to plausible options, are virtually unchallengeable. *Strickland*, 466 U.S. at 673; *Ward v. Stephens*, 777 F.3d 250, 264 (5th Cir. 2015) (noting the Supreme Court has emphasized counsel has "wide latitude in deciding how best to represent a client."). Moreover, counsel's performance cannot be considered deficient or prejudicial if counsel fails to raise a non-meritorious argument. *See Miller v. Thaler*, 714 F.3d 897, 904 n.6 (5th Cir. 2013) (counsel is not required to make futile motions or objections); *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012) ("the failure to lodge futile objections does not qualify as ineffective assistance") (quoting *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)).

Here, trial counsel's affidavit—adopted by the state habeas court and ultimately by the Texas Court of Criminal Appeals—explained that he did object to the video evidence because such an objection was neither necessary nor supported by the evidence. Other than baldly stating that it wasn't him on the video—a statement that is contradicted by the testimony of petitioner's two victims—petitioner has not shown that counsel's assessment was incorrect, much less demonstrated that the state court's ruling on trial counsel's strategy "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Relief is therefore denied.

4. <u>Petitioner's Right to Testify</u>

Petitioner also contends he "was not given the opportunity to speak at trial" by counsel. (ECF No. 1 at 6). While unclear, the Court construes this claim as alleging that counsel prevented petitioner from testifying on his own behalf at trial. And indeed, a defendant has a fundamental constitutional right to testify on his own behalf. *Rock v. Arkansas*, 483 U.S. 44, 49-52 (1987). This right belongs to the defendant personally and cannot be waived by counsel. *Emery v. Johnson,* 139 F.3d 191, 198 (5th Cir. 1997).

However, "[a] defendant who argues that his attorney prevented him from testifying must still satisfy the two prongs of *Strickland*." *United States v. Harris,* 408 F.3d 186, 192 (5th Cir. 2005). Under *Strickland*, this Court's inquiry must be on "whether or not [petitioner] made a knowing waiver of his right to testify." *Bower v. Quarterman,* 497 F.3d 459, 473-74 (5th Cir. 2007). Assuming counsel adequately informed petitioner of his right to testify, the Court must then evaluate counsel's strategy in advising petitioner against exercising that right. *Id.* Even then, "it cannot be permissible trial strategy, regardless of its merits otherwise, for counsel to

override the ultimate decision of a defendant to testify contrary to his advice." *United States v. Mullins,* 315 F.3d 449, 453 (5th Cir. 2002) (citation omitted).

Similar to the previous IATC allegation, petitioner raised this claim for relief during his state habeas proceedings. In response, trial counsel stated the following in his affidavit:

> After I counseled [petitioner] on the law and facts, I advised him of his options. He decided he wanted a trial. At every step of the way I explained his constitutional rights including but not limited to his right to a jury trial, compulsory process, the right to confrontation, the presumption of innocence, the right to remain silent, and the right to testify if he chooses to do so. I did not fail to allow [petitioner] to testify at trial. I counseled him on the advantages and disadvantages of testifying and gave him the option of testifying or remaining silent. He chose not to testify. I reaffirmed this decision during trial.

(ECF No. 8-24 at 45).

Trial counsel's affidavit directly contradicts petitioner's assertion that he was prevented from testifying at trial. Petitioner directly blames counsel for not allowing him to take the stand. Counsel's affidavit states the opposite—that petitioner was advised of his right to testify and the advantages and disadvantages of doing so, but ultimately chose not to testify. In other words, this issue comes down to credibility.

The state habeas trial court ultimately found trial counsel's affidavit to be truthful and credible and concluded that petitioner failed to prove that counsel was ineffective under the *Strickland* standard. (ECF No. 8-24 at 49-50). The Texas Court of Criminal Appeals adopted these findings and conclusions when it denied petitioner's state habeas application. (ECF No. 8-21). These determinations, including the trial court's credibility findings, are entitled to a presumption of correctness unless they lack fair support in the record. *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *Miller*, 714 F.3d at 903). Indeed, such credibility determinations, made on the basis of conflicting evidence, are "virtually unreviewable" by the federal courts. *Pippin v.*

9

*Dretke,* 434 F.3d 782, 792 (5th Cir. 2005) (quoting *Moore v. Johnson,* 194 F.3d 586, 605 (5th Cir. 1999)).

Given the heavy deference afforded to state courts to determine the credibility of witnesses, this Court finds that petitioner failed to demonstrate that counsel did not adequately inform him of his right to testify or somehow prevented him from doing so in violation of *Strickland*. *Bower,* 497 F.3d at 473. Consequently, viewing this allegation under the deferential standard that applies on federal habeas review, petitioner has not shown that the state court's decision was objectively unreasonable or that he is entitled to relief on his IATC claim. Federal habeas corpus relief is therefore denied.

**B.     Sufficiency of the Evidence (Claim 2).**

Petitioner next contends that his conviction is unconstitutional because he "never committed a robbery and [is] not the suspect in the video." (ECF No. 1 at 6). Similar to his previous allegation, petitioner relays this allegation in a single sentence without any argument or support. For this reason alone, petitioner's allegation could be denied solely because it is conclusory. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (finding that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").

Regardless, petitioner's apparent challenge to the sufficiency of the State's evidence was rejected by the state court during petitioner's direct appeal proceedings. As discussed below, Petitioner fails to show that either court's determination was contrary to, or involved an unreasonable application of, federal law, or that it was an unreasonable determination of the facts based on the evidence in the record.[2]

---

[2] To the extent petitioner's claim is one of actual innocence, such a claim still does not provide a valid basis for federal habeas relief. *Herrera v. Collins*, 506 U.S. 390, 417 (1993); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). Indeed, the Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review. *See Cantu v. Thaler*, 632 F.3d 157, 167 (5th Cir. 2011); *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).

1.      The *Jackson* Standard

In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Supreme Court enunciated the standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding. The Court stated the issue to be "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. In applying this standard, the Court went on to say that "[t]his familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. Thus, all credibility choices and conflicts in inferences are to be resolved in favor of the verdict. *United States v. Resio-Trejo,* 45 F.3d 907, 911 (5th Cir. 1995); *United States v. Nguyen,* 28 F.3d 477, 480 (5th Cir. 1994).

In addition, the AEDPA imposes a "twice-deferential standard" when a federal court reviews a state prisoner's claim challenging the sufficiency of the evidence. *Parker v. Matthews*, 567 U.S. 37, 43 (2012). As the Supreme Court has explained:

> The opinion of the Court in *Jackson v. Virginia* . . . makes clear that it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was "objectively unreasonable."

*Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (citations omitted).

### 2. Applying the *Jackson* Standard

Petitioner raised his insufficient evidence claim during his direct appeal proceedings, but the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review without written order. Thus, this Court "should 'look through' the unexplained decision to the last related state-court decision" providing particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers*, 584 U.S. 122, 125 (2018); *Uranga v. Davis*, 82 F.3d 282, 287 n.33 (5th Cir. 2018). In other words, the Court must look to the last reasoned state judgment that considered and rejected Petitioner's insufficient evidence claim when reviewing the claim under the doubly deferential standard set forth in *Jackson*. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

In this case, the last reasoned state court decision was issued by the Texas Fourth Court of Appeals, which concluded that there was sufficient evidence to support petitioner's robbery conviction:

> The jury found [petitioner] committed robbery by threat by, in the course of committing a theft, intentionally or knowingly threatening or placing Beadleston in fear of imminent bodily injury or death. [Petitioner] argues the evidence is legally insufficient to support the verdict because [petitioner] "did not raise his bat up in a threatening manner," but rather "simply held it up halfway and told Beadleston to get out of his way so he could leave."
>
> "By defining robbery to be theft plus *either* threatening or placing another in fear, [the robbery] statute demonstrates that the term 'threaten' means something other than placing a person 'in fear of imminent bodily injury or death.'" *Olivas v. State*, 203 S.W.3d 341, 345-46 (Tex. Crim. App. 2006) (emphasis in original). Accordingly, a victim of robbery by threat may be either threatened *or* placed in fear of imminent harm. *Boston v. State*, 373 S.W.3d 832, 840 (Tex. App.—Austin 2012) (holding evidence sufficient where victim of robbery was threatened "whether or not she was placed in fear of imminent harm"), *aff'd*, 410 S.W.3d 321 (Tex. Crim. App. 2013); *Howard v. State*, 306 S.W.3d 407, 410 (Tex. App.—Texarkana 2010) ("Under the 'placed in fear' language of Section 29.02, the fact-finder may conclude that an individual was

> 'placed in fear' in circumstances where no actual threats are conveyed."), *aff'd*, 333 S.W.3d 137 (Tex. Crim. App. 2011).
>
> Here, the record clearly demonstrates that regardless of whether [petitioner] actually threatened Beadleston, his conduct placed Beadleston in fear of imminent bodily injury or death. Beadleston testified he felt "very intimidate[ed]" and "absolutely" threatened by [petitioner]'s conduct, so much so that he was "still shaken up" and "a little nervous" while making the 9-1-1 call heard by the jury. When asked whether he feared for his life, Beadleston testified: "I was in fear of something escalating, yes, sir . . . I was in fear of being harmed, yes." Therefore, viewing the evidence in the light most favorable to the verdict, we conclude a rational factfinder could have found the essential elements of robbery by threat beyond a reasonable doubt. *See Mayberry*, 351 S.W.3d at 509. [Petitioner]'s sole issue is overruled.

*Weakley*, 2020 WL 3065434, at *2; (ECF No. 8-8 at 4-5).

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or that it was an unreasonable determination of the facts based on the evidence in the record. Again, a state appellate court's determination is entitled to great deference when, as was done in this case, the court conducted a thorough and thoughtful review of the evidence. *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993). As with the state appellate court, this Court has independently reviewed the record and finds the evidence sufficient to support the verdict. Thus, viewing all of the evidence under the doubly deferential standard that applies on federal habeas review, petitioner has not shown that the state court's decision was objectively unreasonable or that he is entitled to relief under *Jackson*. Federal habeas relief is therefore denied.

## IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district

court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

After careful consideration, the Court concludes petitioner has failed to establish that the state court's rejection of his allegations on the merits during either petitioner's direct appeal or state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during petitioner's state trial, appellate, and habeas corpus proceedings. As a result, petitioner's federal habeas corpus petition does not warrant relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Matthew Weakley's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3.      All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 23rd day of May, 2024.

                                      FRED BIERY
                                      UNITED STATES DISTRICT JUDGE